ORIGINAL

ELG/amc     6/16/05



1:05CV1625

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION JUDGE ALDRICH

| | | |
|---|---|---|
| **DOUGLAS LINDSAY SR.** | ) | **CASE NO.** |
| **912 BAYRIDGE DRIVE** | ) | |
| **LEWIS CENTER, OHIO 43035** | ) | JUDGE MAG. JUDGE BAUGHMAN |
| | ) | |
| **AND** | ) | |
| | ) | |
| **TINA LINDSAY** | ) | |
| **912 BAYRIDGE DRIVE** | ) | |
| **LEWIS CENTER, OHIO 43035** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **C O M P A I N T** |
| | ) | **(Jury Demand Endorsed Herein)** |
| **vs.** | ) | |
| | ) | |
| **BRENT YATES** | ) | |
| **(In his individual and official capacity)** | ) | |
| **2268 ECKERT ROAD** | ) | |
| **LEXINGTON, OHIO 44904** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **JOANN YATES** | ) | |
| **(In her individual and official capacity)** | ) | |
| **2268 ECKERT ROAD** | ) | |
| **LEXINGTON, OHIO 44904** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |

1

THE ESTATE OF GENE YATES )
C/O JOANN YATES, EXECUTRIX )
2268 ECKERT ROAD )
LEXINGTON, OHIO 44904 )
)
AND )
)
SLUSS REALTY COMPANY )
1641 PARK AVENUE WEST )
MANSFIELD, OHIO 44906 )
)
AND )
)
CAROL EICHER, REALTOR )
(In her individual and official capacity) )
SLUSS REALTY COMPANY )
1641 PARK AVENUE WEST )
MANSFIELD, OHIO 44906 )
)
     Defendant(s). )

## INTRODUCTION

1.    This is a race discrimination complaint involving the sale of real property.

2.    Plaintiffs allege federal causes of action and state causes of action.

3.    Plaintiffs request injunctive relief, specific performance, and money damages.

## JURISDICTION

4.    This matter presents federal questions under a variety of statutes, including but

not limited to 42 USC 1981, 42 USC 1982, 42 USC 3603 and 42 USC 3604. As a result, this

Court has original jurisdiction in this matter pursuant to 28 U.S.C. 1331 and 28 U.S.C 1343.

5.    This matter also presents pendent state claims with minimum damages exceeding

$100,000. This Court has jurisdiction over these claims pursuant to 28 USC 1367.

## PARTIES

6.    The Plaintiffs Douglas and Tina Lindsay Sr. are African-American US Citizens

2

residing in Richland County, Ohio.

7.      Defendant, Brent Yates, on information and belief, is a white US Citizen residing in Richland County, Ohio.

8.      Defendant, Joann Yates, on information and belief is the mother of Brent Yates and widow of the now deceased Gene Yates. Joann Yates has been appointed Executrix of the estate of Gene Yates. Joann Yates resides in Richland County, Ohio. The estate of Gene Yates is also filed in the County of Richland, Ohio.

9.      Defendant, Sluss Realty Company, on information and belief is incorporated in the State of Ohio and licensed to conduct real estate transactions through the State of Ohio. Sluss Realty makes it's principal offices in Richland County, Ohio.

10.      Defendant Carol Eicher, on information and belief, is a licensed realtor for the State of Ohio and works as a broker for Sluss Realty Company. Ms. Eicher makes her principal business in Richland County, Ohio.

All Defendants, on information and belief, are Caucasian.

## STATEMENT OF THE FACTS

11.      Plaintiffs state that on or about August 8, 2004 Gene Yates and Joann Yates contracted with Sluss Realty and Carol Eicher to list their home at 2268 Eckert Road, Lexington, Ohio, for sale. (See Exhibit 1)

12.      Plaintiffs state said home was actively advertised as being available for sale to the general public. Plaintiffs state that Gene Yates and Joann Yates are also co-owners of numerous adjacent pieces of property.

13.      Plaintiffs state co-defendant, Brent Yates, also conducts a business on an adjacent piece of property.

3

13.     Plaintiffs state that on or about May 12, 2005, through their real estate agent, contracted to purchase the property at 2268 Eckert Road, Lexington, Ohio, for an agreed price of $175,000. (See Exhibit 2).

14.     On information and belief Gene Yates died in January of 2005.

15.     Plaintiffs further state that Sluss Realty Company and Carol Eicher represented to the Plaintiffs and Plaintiffs' real estate agent, that co-defendant, Brent Yates, had authority to negotiate the sale of the real property and sign the purchase agreement on behalf of his mother, Joann Yates, who was at that time out of town.

16.     Based upon this representation, Plaintiffs signed the real estate purchase agreement and tendered to Brent Yates, through his realtor, $500 earnest money through a Promissory Note, attached as Exhibit 3.

17.     Plaintiffs state that on or about May 23, 2005 they visited the property to identify the property lines.  Plaintiffs at that time introduced themselves to Brent Yates.

18.     Plaintiffs further state that suddenly and abruptly on May 24, 2005 Sluss Realty and Carol Eicher informed Plaintiffs, and Plaintiffs' realtor representative, that the sales contract would be terminated. No legitimate reason was given for the termination of the contract, other than Joann Yates, "for sentimental reasons", could not bear to part with the property.

19.     All parties were advised by the escrow agent, Chicago Title Agency, that the closing on the home would be conducted on June 10, 2005. (See Exhibit 4) Plaintiffs state that they did appear for the closing on June 10, 2005, however, Defendants failed and refused to appear.

20.     Plaintiffs state that their race (i.e. African-American) was a determining factor in the Defendants' sudden request for the termination of the contract.

4

## FIRST CAUSE OF ACTION

21.     Plaintiffs hereby incorporate the Statement of the Facts into the First Cause of Action as if fully rewritten herein.

22.     Plaintiffs state that the action of the Defendants in denying Plaintiffs the right to purchase said real property based upon their race is a clear violation of 42 U.S.C. 1982.

23.     Wherefore, Plaintiffs demand compensatory damages of $300,000, punitive damages of $300,000, attorney fees, costs and any other relief this Court may deem is fair and equitable, including injunctive relief and specific performance.

## SECOND CAUSE OF ACTION

24.     Plaintiffs hereby incorporate the Statement of the Facts and the First Cause of Action into the Second Cause of Action as if fully rewritten herein.

25.     Plaintiffs state that the actions of the Defendants is a violation of 42 U.S.C. 3603.

26.     Wherefore, Plaintiffs demand compensatory damages of $300,000, punitive damages of $300,000, attorney fees, cost and any other relief this Court may deem is fair and equitable, including injunctive relief and specific performance.

## THIRD CAUSE OF ACTION

27.     Plaintiffs hereby incorporate the Statement of the Facts and the First and Second Causes of Action into the Third Cause of Action as if fully rewritten herein.

28.     Plaintiffs state that the action of the Defendants is a further violation of 42 U.S.C. 3604.

29.     Wherefore, Plaintiffs demand compensatory damages of $500,000, punitive damages of $300,000, attorney fees, cost and any other relief this Court may deem is fair and equitable, including injunctive relief and specific performance.

5

### FOURTH CAUSE OF ACTION

30.     Plaintiffs incorporate the Statement of the Facts and the First, Second and Third Causes of Actions into the Fourth Cause of Action as if fully rewritten herein.

31.     Plaintiffs state that the actions of the Defendants is further a violation of 42 U.S.C. 1981.

32.     Wherefore, Plaintiffs demand compensatory damages of $500,000, punitive damages of $500,000, attorney fees, costs, and any other relief this Court may deem is fair and equitable, including injunctive relief and specific performance.

### FIFTH CAUSE OF ACTION

33.     Plaintiffs incorporate the Statement of the Facts and the First, Second, Third and Fourth Causes of Actions into the Fifth Cause of Action as if fully rewritten herein

34.     Plaintiffs state that the actions of the Defendants if further a violation of 4112.02(H)(1) of the Ohio Revised Code.

35.     Wherefore, Plaintiffs demand compensatory damages of $1,000,000, punitive damages of $1,000,000, attorney fees, costs and any other relief this Court may deem is fair and equitable, including injunctive relief and specific performance.

### SIXTH CAUSE OF ACTION

36.     Plaintiffs hereby incorporate the Statement of the Facts and the First, Second, Third, Fourth and Fifth Causes of Action into the Sixth Cause of Action as if fully rewritten herein.

37.     Plaintiffs state that the actions of the Defendants is a clear breach of contract.

38.     Wherefore, Plaintiffs demand compensatory damages of $175,000, actual damages of $175,000, and any other damages as the Court would deem is fair and reasonable,

6

including injunctive relief and specific performance.

## SEVENTH CAUSE OF ACTION

39.     Plaintiffs incorporate the Statement of the Facts and the First, Second, Third,

Fourth, Fifth, and Sixth Causes of Actions into the Seventh Cause of Action as if fully rewritten

herein.

40.     Plaintiffs state that the actions of the Defendants is an intentional, fraudulent,

wanton, and discriminatory breach of contract.

41.     Wherefore, Plaintiff demands compensatory damages of $300,000, and actual

damages of $300,000, punitive damages of $1,000,000, attorney fees, cost and any other relief

this Court may deem is fair and reasonable, including injunctive relief and specific performance.


Respectfully submitted,

**SLATER, ZURZ & GILBERT**


Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
Attorneys for the Plaintiffs
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857 (Fax)
egilbert8@sbcglobal.net

7