IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS LINDSAY, SR., et al., ) | Case No. 1:05CV1625 |
| Plaintiffs, ) | |
| ) | Judge Ann Aldrich |
| vs. ) | |
| BRENT YATES, et al., ) | |
| Defendants. ) | MEMORANDUM AND ORDER |

This is a civil action, incorporating both state and federal claims, and styled a "race discrimination complaint involving the sale of real property." The plaintiffs are Douglas Lindsay, Sr., and Tina Lindsay, of Lewis Center, Ohio. The defendants are Brent and Joann Yates of Lexington, Ohio, the estate of Gene Yates, of which Joann is executrix, the Sluss Realty Company ("Sluss"), and realtor Carol Eicher ("Eicher"). The Lindsays allege, essentially, that the defendants abruptly terminated a sale of real property upon learning that the Lindsays were African-American. Now before the court is a motion for entry of default filed by the Lindsays against defendants Sluss and Eicher (Docket No. 13). For the following reasons, the court denies this motion.

**Background**

The Lindsays allege that Gene and Joann Yates contracted with Sluss and with its employee, Eicher, to list their home in Lexington for sale on or about August 8, 2004. The Lindsays also allege that the property was "actively advertised as being available for sale to the general public." Gene Yates died in January of 2005. On May 12, 2005, the Lindsays allege that they contracted to purchase the property for $175,000, and that they tendered a $500 promissory note as earnest money.

On May 23, 2005, the Linsdsays visited the property in question and introduced themselves to Brent Yates. Sluss Realty allegedly informed the Lindsays of the termination of the sale contract on May 24, 2005. The reason purportedly given: that Joann Yates could not bear to part with the property "for sentimental reasons." No defendant appeared at the title closing scheduled for June 10, 2005.

On June 16, 2005, the Lindsays filed a complaint listing seven causes of action, and intended to redress the harm stemming from their allegation that "race ... was a determining factor in the Defendants' sudden request for the termination of the contract" (Docket No. 1). Service was executed upon all named defendants, and on July 12, 2005, the court granted an unopposed motion for extension of time to answer filed by all defendants (Docket No. 9). The court set the deadline for filing of Answers at August 22, 2005. Brent Yates, Joann Yates and the estate of Gene Yates filed an Answer on August 22. Sluss and Eicher, however, did not file their answer until August 29. The Lindsays filed their motion for entry of default on August 25.

**Discussion**

Federal Rule of Civil Procedure 55(a) provides that a federal court may enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." *Id.* The court's order granting an extension to all defendants altered the default time requirements contained in Rule 12; all defendants were required to respond to the complaint no later than August 22. *See* Fed. R. Civ. P. 6(b). The Lindsays now argue that Sluss and Eicher are subject to an entry of default for failing to meet this deadline.

In response, Sluss and Eicher note that their failure to file electronically on August 22 was due to "technical difficulties," and explain that they mailed the Answer to both the court and plaintiffs' counsel on that date, in a "manner ... permissible under Rule 5(b)(2)(B)."

The court agrees that entry of default would be inappropriate under the circumstances. Rule 12(a) requires defendants to <u>serve</u>, rather than to <u>file</u>, an answer within the appropriate time (in this case, not after August 22). Rule 5(b), then, provides the relevant guidelines for service of all pleadings subsequent to the original complaint. Sluss and Eicher are correct that, under Rule 5(b)(2)(B), "[s]ervice by mail is complete on mailing." (Once service is accomplished, parties are then obligated by Rule 5(d) to file "[a]ll papers ... with the court within a reasonable time[.]") *See Hillman v. Secretary of the Treasury*, 2000 U.S. Dist. LEXIS 4539, \*5 (W.D. Mich. 2000), citing *Blank v. Bitker*, 135 F.2d 962, 965 (7th Cir. 1943) ("Rule 12(a) provides simply for service, not filing. And Rule 5(d) permits filing with the court within a reasonable time after service.").

Counsel for Sluss and for Eicher therefore acted properly in endeavoring to file the Answer in a timely fashion under the Federal Rules of Civil Procedure and the Local Rules. The Answer now before the court will be considered in the usual fashion, and entry of default is not appropriate.

**Conclusion**

The court therefore denies the Lindsays' motion for entry of default.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:October 28, 2005**