UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS LINDSAY, SR., et al., | ) | Case No. 1:05 CV1625 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | |
| BRENT YATES, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

Plaintiffs, Douglas and Tina Lindsay ("the Lindsays"), bring this action against defendants, Brent Yates, Joann Yates, Sluss Realty Company, and Carol Eicher (collectively "Yates, et al."). The Lindsays assert the following seven claims: (1) racial discrimination in the sale of real property in violation of 42 U.S.C. § 1982; (2) racial discrimination in the sale of real property in violation of 42 U.S.C. § 3603; (3) racial discrimination in the sale of real property in violation of the Fair Housing Act, 42 U.S.C. § 3604; (4) racial discrimination through interference with contractual rights in violation of 42 U.S.C. § 1981; (5) racial discrimination in the sale of real property in violation of Section 4112.02 (H)(1) of the Ohio Revised Code; (6) breach of Contract; and (7) "intentional, fraudulent, wanton, and discriminatory breach of contract." (Doc. No. 1-1 at 5-7). Now before the court is the motion to dismiss (Docket No. 69) filed by Yates, et al. For the following reasons, the court grants this motion with respect to all causes of action.

**I. Background**

The Lindsays are African-American U.S. citizens who allege that they were denied the purchase of a home because of racial discrimination. On or about August 8, 2004, Gene Yates and Joann Yates

contracted with Sluss Realty Company ("Sluss Realty") and Carol Eicher ("Eicher") to list their home at 2268 Eckert Road, Lexington, Ohio, for sale.  Gene and Joann Yates are also co-owners of numerous adjacent pieces of property.  Their son Brent Yates conducts a business on an adjacent piece of property.  The Lindsays allege that the listed property was actively advertised as being available for sale to the general public.  They further maintain that on or about May 12, 2005, they contracted to purchase the property listed for sale on 2268 Eckert Road for an agreed price of $175,000.

After Gene Yates passed away in January, 2005,  Joann Yates became the executrix of Gene Yates's estate.  The contract was negotiated and signed by Brent Yates, not Joann Yates, who was out of town.  The Lindsays state that Sluss Realty and Eicher represented to them, as well as to their real estate agent, that co-defendant Brent Yates had authority to negotiate the sale of the real property and sign the purchase agreement on behalf of his mother, Joann Yates.  The Lindsays allege that based on these representations, they signed the real estate purchase agreement, and tendered to Brent Yates, through his realtor, $500 as earnest money, in the form of a promissory note.

The Lindsays further allege that on May 23, 2005, they visited the property and introduced themselves to Brent Yates.  Subsequently, on May 24, 2005, Sluss Realty and Eicher informed the Lindsays and their real estate agent that the sales contract would be terminated.  The Lindsays allege that no legitimate reason was given for Joann Yates's decision to terminate the contract other than for "sentimental reasons." (Doc. No. 1-1 at 5).  The Lindsays contend that their race was a determining factor in the termination of the contract.

## II. Standard of Review

In analyzing a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)

(quoting *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)). The weight of the evidence and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (citation omitted).

### III. Discussion

**A. Yates, et al.'s motion to dismiss with respect to the Lindsays' second cause of action must be granted because 42 U.S.C. § 3603 is not a cause of action separate and distinct from the third cause of action under 42 U.S.C. § 3604.**

The Lindsays' second cause of action is brought pursuant to 42 U.S.C. § 3603, alleging racial discrimination in the sale of property. Yates, et al. asserts that the second cause of action should be dismissed because Section 3603 does not form an independent and separate basis for a cause of action distinct from 42 U.S.C. § 3604, which is the Lindsays' third cause of action. This court agrees.

Section 3603, which is entitled, "Effective Dates of Certain Prohibitions," contains various dates on which the Fair Housing Act's provisions took effect and also specifies certain exemptions from racial discrimination, none of which apply here. Primarily, this section delineates the types of dwellings to which the Federal Fair Housing Act shall apply, but nowhere does it prohibit any conduct. Section 3603 states: "Subject to the provisions of subsection (b) of this section and section 3607 of this title, *the prohibitions against discrimination in the sale or rental housing set forth in section 3604 of this title shall apply*:" 42 U.S.C. § 3603 (2006) (emphasis added). Section 3603 then enumerates the types of dwellings or situations to which the prohibitions of Section 3604 shall apply, but does not provide a mandate or prohibition; instead, it references those in Section 3604. Because Section 3603 provides no independent mandate or prohibition, it follows that Section 3603 cannot operate as its own cause of action distinct from Section 3604. Accordingly, the Lindsays' second cause of action must be dismissed

pursuant to Rule 12(b)(6).

**B.  Yates, et al.'s motion to dismiss with respect to causes of action one,  three, four, and five must be granted because the Lindsays have not sufficiently pled the elements for a prima facie case for these racial discrimination claims.**

Title 42 U.S.C §§1981, 1982, 3604, and O.R.C. 4112.02 (H) prohibit, *inter alia*, the refusal to sell real property or enter into an agreement with a prospective purchaser because of race.[1]  Courts have universally applied a three-part burden of proof test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) in determining violations under these statutes.  *Cleveland v. Ibrahim*, No. 1:01CV1582, 2003 WL 24010953, at *2 (N.D. Ohio May 29, 2003) (applying three-part test to §§ 1981, 1982, and 42 U.S.C. 3601-3604).  The Ohio law claim, O.R.C. 4112.02, mirrors that of the Federal Fair Housing Act.  Consequently, the same evidentiary framework that applies to the federal law claims applies to the Ohio law claim.  *Allen v. Ethicon, Inc*., 919 F.Supp. 1093, 1098 (S.D. Ohio 1996).

Under the *McDonnell Douglas* three-part test, a plaintiff must first establish a prima facie case of discrimination.  If the plaintiff meets the requirements of a prima facie case, this creates a presumption of discrimination and shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for the housing decision.  Finally, if the defendant provides a legitimate,

---

[1] Section 1981 states: "All persons ... shall have the same right ... to make and enforce contracts... as is enjoyed by white citizens ...."  Section 1982 reads: "All citizens ... shall have the same right ... as is enjoyed by white citizens [ ] to inherit, purchase, lease, sell, hold and convey real and personal property."  Section 3604 states: "It shall be unlawful–(a) to refuse to sell or rent after making a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling of any person because of race.... (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race.... (d) To represent to any person because of race ... that any dwelling is not available for inspection, sale or rental when such dwelling is in fact so available."  O.R.C. 4112.02 (H) reads: It is unlawful "to do any of the following - (1) Refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations, refuse to negotiate for the sale or rental of housing accommodations, or otherwise deny or make unavailable housing accommodations because of race...."

nondiscriminatory reason, the burden shifts back to the plaintiff to show that the defendant's proffered reason is a pretext that masks discrimination.  *McDonnell Douglas*, 411 U.S. at 802; *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634 (6th Cir. 2000). Courts have held that a plaintiff establishes a prima facie case under 42 U.S.C. §§ 1981, 1982, and 3604 by proving:

> (1) he or she is a member or a protected racial minority,
> (2) he or she applied for and was qualified to rent or purchase certain property or housing,
> (3) he or she was rejected, and
> (4) *the housing or rental property remained available thereafter.*

*Selden v. United States Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986) (emphasis added).

In the instant case, the Lindsays fail to allege a prima facie case for racial discrimination. Although the Lindsays sufficiently allege the first three elements, they fail to allege the fourth.  The Lindsays are members of a protected racial minority, in that they are African-American, thereby satisfying the first element of the test.  The Lindsays allege that they applied and were qualified to purchase the property, as evidenced by entering into negotiations with, and paying $500.00 in earnest money to, Brent Yates, as well as hiring a real estate agent in the purchasing of the home, thus satisfying the second element.  And, the Lindsays allege that they were rejected when Joann Yates "suddenly and abruptly" decided to terminate the contract, thus satisfying the third element. (Doc. No. 1-1 at 4).

The Lindsays, however, fail to allege the fourth element of the test that "the housing remained available thereafter."  Failure to plead the fourth element of the test is dispositive of the Lindsays' discrimination claims.  To reiterate, under the *McDonnell Douglas* framework, absent direct evidence of discrimination, a plaintiff must meet all four elements of the prima facie test, thereby creating a presumption of racial discrimination.  *Mencer*, 228 F.3d at 634-636 (rental applicants failed to create a prima facie case by not establishing that they were qualified to rent).  Here, because the Lindsays do not allege that the home remained on the market after rejection, the Lindsays fail to create a rebuttable

presumption of racial discrimination.  Nothing in any of the supporting affidavits or briefs indicate that the property remained on the market after Joann Yates's decision not to sell.  Quite the contrary; the real estate was pulled off the market entirely.  Accordingly, under Rule 12(b)(6), it would be appropriate to dismiss these claims because "it is clear that the plaintiff can prove no set of facts in support of . . . [their] claim[s] that would entitle . . . [them] to relief."  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Causes of action one, three, four, and five are therefore dismissed.

### C. All remaining state laws are dismissed in light of the dismissal of the federal claims.

The Lindsays' remaining state law claims include breach of contract, and "intentional, malicious" breach of contract.  In light of the dismissal of the Lindsays' federal claims, the court will decline to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 28 1367(c)(3) (2005); *Musson Theatrical, Inv. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state laws claims. . . .").  Accordingly, Yates, et al.'s motion to dismiss is granted with respect to causes of action six and seven.

### IV. Conclusion

For the foregoing reasons, this Court grants Yates, et al.'s motion to dismiss pursuant to Federal Rule 12(b)(6).  The Lindsays' state law claims are dismissed without prejudice.

This order is final and appealable.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated October 17, 2006**